NO. 9:20-cv-00153

---

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

---

## JACKLYN HANCOCK ALSTON,

*Plaintiff,*

**v.**

**WODEN INDEPENDENT SCHOOL DISTRICT, RICHARD WARREN CRATTY, JR., BRENT EDWARD HAWKINS, BRADY SHANE TAYLOR, LARRY WAYNE JACOBS, LATRICIA MITCHELL JACOBS, AYRIKA NICHOLE HENDERSON, DAVID STONE, STEPHEN BENJAMIN WILSON, TERRE WYCH MCLEMORE, CLARK DAMON CHANDLER, JAMIE LYNN BROOKSHIRE, BROOKS ERVIN KENNEMER, JEREMIAH WADE ROSS, HOLLICE RANDELL BATTEN, CAROLYN MEADOR COX, MARK IRVINE HARKNESS, BRIAN LEE MOREAU, GARLAND GAYLE DRIVER, GEORGE PERRY GRIMES, BARRY THOMAS RANKIN, GARY LUROY BISHOP, AND LINDA MASON,**

*Defendants.*

---

## DEFENDANT RICHARD WARREN CRATTY, JR.'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) and 12(b)(6) AND MOTION TO DISMISS PLAINTIFF'S STATE LAW TORT CLAIMS AGAINST CRATTY PURSUANT TO TEXAS CIVIL PRACTICE AND REMEDIES CODE SECTION 101.105

Respectfully submitted,

*/s/ Richard Warren Cratty, Jr.*
Richard Warren Cratty, Jr.
rwcjr-7@gmail.com
5880 Inwood Dr., Apt. 2086
Houston, Texas 77057
***Defendant Pro Se***

## TABLE OF CONTENTS

I.   INTRODUCTION ...................................................................................................... 3

STATEMENT OF THE ISSUES .................................................................................... 3

II.  SUMMARY OF THE ARGUMENT ........................................................................ 4

Standard of Review ........................................................................................................ 6

III. ALSTON'S FEDERAL CLAIMS ............................................................................ 6

A.   *Alston's RICO claims are barred by the applicable statutes of limitations.* ................... 6

B.   *Alston's RICO allegations should be dismissed.* ............................................................ 8

IV.  ALSTON'S STATE LAW CLAIMS ....................................................................... 13

1.   *Alston's election to proceed against Cratty's employer, WISD, bars her claims against Cratty.* .......................................................................................................... 13

In Texas, a common law civil conspiracy claim is a derivative claim that takes the limitations period of the underlying tort that is the object of the conspiracy. *See Agar Corp. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 148 (Tex. 2019); *see also Tummel v. Milane*, 787 Fed. Appx. 226, 228 (5th Cir. 2019). "Limitations as to both typically run simultaneously because the conspiracy and underlying tort generally accrue at the same time." *Agar Corp.*, 580 S.W.3d at 148. The statute of limitations begins when the claim accrues, and a cause of action accrues when facts come into existence that permit a plaintiff to recover. *Id*. at 144. ......................................................................................... 15

2.   *Alston fails to plead the necessary predicate of an underlying tort for her conspiracy claim against Cratty.* .......................................................................................... 15

3.   *Alston fails to plead a viable conspiracy claim against Cratty.* ................................... 16

V.   PRAYER .................................................................................................................. 16

## INDEX OF AUTHORITIES

**Cases**

*Agar Corp. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136 (Tex. 2019) ...................................... 15

*Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143 (1987) .............................. 6

*Bascuñán v. Elsaca*, 874 F.3d 806 (2d Cir. 2017) ............................................................ 4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................... 6

*Bradley v. Phillips Petroleum Co.*, 527 F. Supp. 2d 625 (S.D. Tex. 2007) ................................ 4

*Bustos v. Martini Club, Inc.*, 599 F.3d 458 (5th Cir. 2010) ..................................... 14, 15

*Couch v. Cate*, 379 Fed. Appx. 560 (9th Cir. 2010) ......................................................... 4

*DeShazo v. Nations Energy Co., Ltd.*, 286 F. App'x 110 (5th Cir. 2008) .................................... 7

*Gentilello v. Rege*, 627 F.3d 540 (5th Cir. 2010) .......................................................... 6

*Grimmett v. Brown*, 75 F.3d 506 (9th Cir. 1996) ........................................................... 6

*H.J. Inc. v. Nw. Bell Tell. Co.,* 492 U.S. 229 S.Ct. 2893 (1989) ............................................. 9, 11

*Homoki v. Conversion Servs., Inc.*, 717 F.3d 388 (5th Cir. 2013) ............................................ 15

*In re Burzynski,* 989 F.2d 733 (5th Cir.1993) ............................................................... 8

*In re MasterCard Int'l, Inc.*, 313 F.3d 257 (5th Cir. 2002) ................................................. 7

*In re Taxable Mun. Bond Sec. Litig.*, 51 F.3d 518, 521 (5th Cir. 1995) .................................... 12

*Limestone Dev. Corp. v. Lemont*, 520 F.3d 797, 801 (7th Cir. 2008) ........................................ 7

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 590 (1992) (citations omitted) ............................. 12

*Mathews v. Kidder, Peabody & Co., Inc.*, 260 F.3d 239, 251 (3d Cir. 2001) ................................ 7

*Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653 (Tex. 2008) ................................ 14

*Operation Rescue-Nat'l v. Planned Parenthood*, 975 S.W.2d 546 (Tex. 1998) ........................ 16

*Riverwoods Chappaqua Corp. v. Marine Midland Bank, N.A.*, 30 F.3d 339 (2d Cir. 1994) ......... 7

*Rotella v. Wood*, 528 U.S. 549 (2000) ................................................................... 6

*Tummel v. Milane*, 787 Fed. Appx. 226 (5th Cir. 2019) ..................................................... 15

*Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724 (5th Cir. 2019) ........................................... 8

*Walker v. Beaumont Indep. Sch. Dist.*, C.A. No. 1:15-CV-379, 2017 U.S. Dist.
    LEXIS 37083 at *21 (E.D. Tex. Mar. 6, 2017) (Giblin, Mag. J.) (citations omitted) .......... 11

*Wendt v. 24 Hour Fitness USA, Inc.*, 821 F.3d 547 (5th Cir. 2016) ............................................ 12

**Statutes**

18 U.S.C. § 1962(c) ........................................................................................................................ 8

18 U.S.C. § 1962(d) ........................................................................................................................ 8

**Rules**

Federal Rule of Civil Procedure 12(b)(1) ...................................................................................... 2

Federal Rule of Civil Procedure 12(b)(6) ...................................................................... 2, 4, 6, 16

Federal Rule of Civil Procedure 12(c) ........................................................................................... 6

**Regulations**

Texas Civil Practice & Remedies Code 101.001 .......................................................................... 13

Texas Civil Practice and Remedies Code 101.106 ...................................................... 2, 14, 15, 16

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | | |
|---|---|---|
| JACKLYM HANCOCK ALSTON, *an individual,* | § | |
| **Plaintiff,** | § | |
| v. | § | |
| | § | |
| WODEN INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| RICHARD WARREN CRATTY, JR., *in his official and personal capacity,* | § | |
| | § | |
| BRENT EDWARD HAWKINS, *in his official and personal capacity,* | § | |
| | § | |
| BRADY SHANE TAYLOR, *in his official and personal capacity,* | § | |
| | § | |
| LARRY WAYNE JACOBS, *in his official and personal capacity,* | § | CASE NO. 9:20-cv-00153-RC-KFG |
| | § | |
| AYRIKA NICHOLE HENDERSON, *in her official and personal capacity,* | § | |
| | § | |
| DAVID STONE, *in his official and personal capacity,* | § | |
| | § | |
| STEPHEN BENJAMIN WILSON, *in his official and personal capacity,* | § | |
| | § | |
| TERRE WYCH MCLEMORE, *in her official and personal capacity,* | § | |
| | § | |
| CLARK DAMON CHANDLER, *in his official and personal capacity,* | § | |
| | § | |
| JAMIE LYNN BROOKSHIRE, *in his official and personal capacity,* | § | |
| | § | |
| BROOKS ERVIN KENNEMER, *in his official and personal capacity,* | § | |

| | |
|---|---|
| JEREMIAH WADE ROSS, *in his official capacity and personal capacity,* | § § § |
| HOLLICE RANDELL BATTEN, *in his official and personal capacity,* | § § § |
| CAROLYN MEADOR COX, *in her official and personal capacity,* | § § § |
| MARK IRVINE HARKNESS,  *in his official and personal capacity,* | § § § |
| BRIAN LEE MOREAU, *in his official and personal capacity,* | § § § |
| GARLAND GAYLE DRIVER, *in his official and personal capacity,* | § § § |
| GEORGE PERRY GRIMES, *in his official and personal capacity,* | § § § |
| BARRY THOMAS RANKIN, *in his official and personal capacity,* | § § § |
| GARY LUROY BISHOP, *in his official and personal capacity,* | § § § |
| and | § § |
| LINDA MASON, *in her official and personal capacity,* | § § § |
| ***Defendants.*** | § |

## DEFENDANT RICHARD WARREN CRATTY, JR.'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) and 12(b)(6) AND MOTION TO DISMISS PLAINTIFF'S STATE LAW TORT CLAIMS AGAINST CRATTY PURSUANT TO TEXAS CIVIL PRACTICE AND REMEDIES CODE SECTION 101.105

Defendant Richard Warren Cratty, Jr. ("Cratty") files this Motion to Dismiss pursuant to FRCP 12(b)(1) and 12(b)(6) and files his Motion to Dismiss Plaintiff's State Law Tort Claims Against Cratty Pursuant to Texas Civil Practice and Remedies Code 101.106.

2

## I.       INTRODUCTION

Plaintiff Jacklyn Alston, then age 17, alleges that Defendant Richard Warren Cratty, Jr. assaulted her on November 9, 2010 at Woden High School – where she was student and Cratty was a "student teacher." Complaint. ¶69.  According to Alston, Cratty took her cell phone and entered his number in her phone the day before. *Id.* at ¶ ¶ 69-70.  Cratty followed that by sending her a series of texts expressing love for her and a desire to be with her, then "attempted to kiss her," and finally "grabbed her buttocks with his hand." Complaint. ¶73.  Alston reported the events to school authorities. Complaint. ¶73.  Alston and her parents also met with Nacogdoches county Attorney, John Fleming, and discussed Cratty's criminal prosecution, and Fleming's decision to charge Cratty with a Class C misdemeanor. *Id.* at p. 28, ¶ ¶ 124, 126, p. 54, ¶ 245. There is also a state court criminal action against Alston's biological father, Jonathan Hancock. *Id.* at ¶ 34.

Now – *nearly a decade later* – Alston brings claims against WISD, Cratty, and 21 individuals, composed of 13 past or present board members, 3 past CFOs, the past and present superintendents, the school principal, the Woden police chief, and another teacher. As Woden Independent School District observes, her complaint is "based in small part on the assault and based in large part on allegations that have nothing to do with the assault." Woden Dismissal Motion at p. 3.   Alston's claims are barred by limitations (by several years), barred for lack of standing, barred by election of remedies, and otherwise barred due to her failure to state a claim upon which relief may be granted.  In sum, all of Alston's claims should be dismissed for the reasons set forth below.

### STATEMENT OF THE ISSUES

- Whether Alston's claims are barred by limitations.

- Whether Alston has plead viable civil conspiracy claims.

- Whether Alton has plead a viable RICO claim against Cratty.

## II.    SUMMARY OF THE ARGUMENT

Alton's claims against Cratty are barred by limitations. Cratty denies that he assaulted Alston,[1] but realizes that the court must assume they are true for purposes of a motion to dismiss. But even taking them as true, Alston's claims fail as a matter of law under Rule 12(b)(6). And certainly Alston knew what happened in November 2010, not only with Cratty but that he was removed from his teaching position and pled guilty to misdemeanor assault.  None of the other allegations involving purported wrongdoing at Woden identify any particular acts involving Cratty. And Alston cannot recover personal injury damages in her RICO claim because personal injury damages are not recoverable under RICO.[2]

Alston claims that Cratty, a student-teacher who is also referred to as a substitute teacher and teacher in training,[3] somehow "participated in a scheme to convert funds from the Texas Education Agency and funds provided by federal grants monitored by the Department of Grants Compliance and Administration (GCA) and its Federal Fiscal monitoring Division (FFM) and subsequently to avoid detection of their criminal acts." Complaint ¶148.  He is included in the globalized  group of RICO defendants who allegedly (1) were part of a scheme to "utilize[] the Woden Independent School District as the vehicle for their racketeering activities" in order "to avoid detection and the continuance to drink from the well of state and federal public funds," (2)

---

[1] Cratty, who was 25 years old at the time of this incident, concedes that, for reasons not pertinent here, he plead guilty to a Class C misdemeanor for assault and was barred from substitute teaching in the district.  Cratty continued to be on school grounds after hours to assist Defendant Henderson, his fiancé at the time and head softball coach, with field maintenance on the softball field.

[2] *Couch v. Cate*, 379 Fed. Appx. 560, 566 (9th Cir. 2010); *see also Bascuñán v. Elsaca*, 874 F.3d 806, 817 (2d Cir. 2017); *Bradley v. Phillips Petroleum Co.*, 527 F. Supp. 2d 625 (S.D. Tex. 2007).

[3] Complaint ¶91,113,211.

who "formed an 'association-in-fact' through their efforts to coordinate their racketeering activity"; (3) "provide[d] family members of the School Board of the Woden Independent School District with employment and favorable promotions in violation of the laws of the State of Texas and thereby convert[ed] funds for their personal use,"[4] (3) committed mail fraud, engaged in unlawful monetary transaction, retaliated against witnesses, and took nine other actions Plaintiff assert were illegal, and (4) conspired  with the other defendants in taking such actions. *Id.*  ¶149-52, ¶161-62.

Alston further claims that various local school and law enforcement officials, including Defendant Police Chief Stone and the County Attorney (who is not a defendant in this lawsuit), obstructed justice in her complaints against Cratty. *Id.*   ¶124-131. Similarly, she claims that principal Latricia Mitchell Jacobs obstructed the investigation by the Texas Department of Family and Protective Services. *Id.*   ¶132-138. She also alleges that the RICO defendants (including Cratty) violated five federal criminal statutes and three Texas statutes even before the alleged assault. ¶163.

Even though Cratty has never been a member of the school administration or board and was only a student-teacher, Alston's complaint lumps him into claims concerning payroll abuses, misuse of funds, mail fraud, and other administrative improprieties. The absurdity of a school district giving such power to a student-teacher who it had already removed from his teaching position is transparent on its face.

Turning to the formal causes of action, Alston does not assert an assault claim against Cratty undoubtedly because limitations plainly bars such a claim.  Rather, she asserts two RICO claims against Cratty as part of her global claims and a civil conspiracy claim to deprive her of her

---

[4] Alston refers to this as "the Conversion Enterprise." ¶ 151.

"right to a free education without sexual assault, embarrassment, harassment, or derision. ¶ 155-170;[5] 181-189, 200-202.[6]

### Standard of Review

To survive a 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim to relief that is both legally cognizable and plausible on its face, but the court should not evaluate the plaintiff's likelihood of success. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[7]

### III.   ALSTON'S FEDERAL CLAIMS

#### A.   *Alston's RICO claims are barred by the applicable statutes of limitations.*

Alston's federal claims against Cratty, all of which are claims under RICO, should be dismissed because they are barred by the applicable statute of limitations.

Civil RICO claims are subject to a four-year statute of limitations. *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987).; A plaintiff must file a civil RICO claim within four years of the date she discovers the alleged injury or should have discovered it in the existence of reasonable diligence. *Rotella v. Wood*, 528 U.S. 549, 552-54 (2000). "The plaintiff need not discover that the injury is part of a 'pattern of racketeering' for the period to begin to run." *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996).

Alston was well aware of the alleged assault in November 2010; indeed, she complained of it at the time to numerous government officials. And she certainly had enough information on the results of the investigation by Woden and by prosecutors to investigate. But she did not seek

---

[5] It appears that Alston alleges in ¶ ¶173 and 177 conduct by RICO 2 Defendants. Those paragraphs are in a section discussing the RICO 2 Defendants and contain numerous references in that section to the RICO 2 Defendants.

[6] These are counts 1, 2, and 4. Alston's complaint contains allegations of fraud in an attempt to avoid limitations but does not state a fraud cause of action.  If Alston is seeking to assert a fraud claim, Cratty reserves the right to challenge the claim under Rule 9(b).

[7] A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is evaluated using the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *Gentilello v. Rege*, 627 F.3d 540, 543-544 (5th Cir. 2010).

recovery from the Texas Education Agency until October 2018, almost eight years after this incident.  Complaint ¶144. She sat on her right to bring this suit for almost ten years. Even if she did not discover the alleged RICO violation at that time, that does not save her lawsuit.

In her first futile attempt to resuscitate her claim years after the fact, Alston invokes the discovery rule. But that rule tolls limitations only until Alston had inquiry notice of her alleged injuries. A "RICO claim accrues when the plaintiffs should have discovered *their injuries*." *Mathews v. Kidder, Peabody & Co., Inc.*, 260 F.3d 239, 251 (3d Cir. 2001) (italics in original). Alston knew of her injuries from any alleged misconduct many years ago.[8]

In a second futile effort to resuscitate her claim years after the fact, Alston appears to allege a continuing conspiracy or separate accrual under RICO but does not sufficiently allege facts supporting "predicate acts" against Cratty and the other Defendants within the limitations period. *In re MasterCard Int'l, Inc.*, 313 F.3d 257, 261 (5th Cir. 2002) (explaining that a viable RICO claim requires at least two predicate acts). Likewise, the separate accrual rule does not apply where a plaintiff already knows or should know of the alleged injury. *DeShazo v. Nations Energy Co., Ltd.*, 286 F. App'x 110, 117 (5th Cir. 2008). Any damages alleged by Alston are nothing more than the continuing effects of an alleged harm that occurred more than nine and a half years ago, and not separate, actionable RICO violations. *See, e.g. Limestone Dev. Corp. v. Lemont*, 520 F.3d 797, 801 (7th Cir. 2008). Therefore, her RICO claims are barred by limitations.

---

[8] Alston's reliance on the Texas discovery rule is misplaced for her RICO claims. *See* Complaint. ¶32. Federal tolling, not state tolling provisions apply. *Riverwoods Chappaqua Corp. v. Marine Midland Bank, N.A.*, 30 F.3d 339, 347 (2d Cir. 1994).

**B.** **_Alston's RICO allegations should be dismissed._**

Alston's federal racketeering claims contain insufficient factual allegations and violate the heightened pleading standards applicable to RICO fraud claims. Alston's RICO allegations fail to make a single specific allegation about how Cratty's conduct violated RICO.  Instead, she has plead in a blanket fashion by referring to purported conduct of all Defendants, without specifying who did or said what or when it occurred. Because it improperly lumps defendants together in its RICO allegations, Alton has failed to meet the pleading requirement and her claims against Cratty should be dismissed.

Alston spends _ten pages of her Complaint_ setting forth her RICO theories and claims without including a single fact that supports an actual RICO violation. Complaint at ¶¶ 148-189. Specifically, Alston claims that Cratty along with the individual Defendants violated 18 U.S.C. Sections 1962(c) and (d). In relevant part, RICO prohibits persons (i) "employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, [from] conduct[ing] or participat[ing], directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity…" (18 U.S.C. § 1962(c)), or (ii) from conspiring to commit such activity (18 U.S.C. § 1962(d)).

To recover under § 1962(c), Plaintiff must allege facts to show "(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise." _In re Burzynski,_ 989 F.2d 733, 741–42 (5th Cir.1993).

**_Enterprise_**. Alston has not pled facts that demonstrate that Cratty was a member of an enterprise. In order to establish a RICO "enterprise," a plaintiff must plead "the existence of an entity separate and apart from the pattern of racketeering activity." _Walker v. Beaumont Indep. Sch. Dist._, 938 F.3d 724, 739 (5th Cir. 2019). "The entity does not have to be a formal or legal entity, but it must have some sort of hierarchical or consensual decision-making structure, and it

8

must exist for purposes other than just to commit predicate acts." *Id*. (citations omitted). A plaintiff establishes the existence of an enterprise by providing "evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *Id*. (quoting *U.S. v. Turkette*, 452 U.S. 576, 583 (1981)). The plaintiff "must plead the specified facts as to each defendant . . . [i]t cannot lump together the defendants." *Id* (citations and quotations omitted).

Although Alton claims that an association-in-fact enterprise was formed that included Cratty for the purpose of "the continuance to drink from the well of state and public funds," she alleges no facts showing how Cratty, a student-teacher, could have been part of such an enterprise. In fact, in the paragraph that identifies the member's purported "well defined roles and responsibilities, Complaint ¶151, Cratty is not even mentioned.

***Racketeering activity***. Alton has failed to allege facts that Cratty participated in racketeering activity. "Racketeering activity" includes certain state and federal offenses enumerated in § 1961(1), including mail or wire fraud. *H.J. Inc. v. Nw. Bell Tell. Co.,* 492 U.S. 229, 239, 109 S.Ct. 2893 (1989); *Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer*, 90 F.3d 118, 122 (5th Cir. 1996). To assert a claim based on a "pattern of racketeering" activity, Alston must allege "that the racketeering predicates are related and that they amount to or pose a threat of continued criminal activity." *Word of Faith,* 90 F.3d at 122 (quoting *H.J. Inc.,* 492 U.S. at 239, 109 S.Ct. 2893).

In her paragraph that lists the purported racketeering activities by the "RICO Defendants," Complaint at ¶152, Alston first complains of mail and wire fraud.  Complaint. ¶152, *see Id*. at ¶¶161, 172, and 186.

Alston's RICO claims that are predicated on mail fraud fails to meet Rule 9(b)'s heightened pleading requirements, which apply to RICO claims resting on allegations of fraud. *See Williams v. WMX Techs.,* 112 F.3d 175, 177 (5th Cir.1997) requires particularity in pleading the circumstances constituting fraud. This particularity requirement applies to the pleading of fraud as a predicate act in a RICO claim as well.") (internal quote and citation omitted). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Id.* "To satisfy Rule 9(b), a plaintiff must at a minimum allege the 'time, place, and contents of the false representations, as well as the identity of the person making the misrepresentations and what he obtained thereby.'" *Bonton v. Archer Chrysler Plymouth, Inc.,* 889 F.Supp. 995, 1004 (S.D.Tex.1995). "If predicate acts of fraud are not pled with the particularity required by Rule 9(b), civil RICO claims are subject to dismissal." *Arruda v. Curves Int'l, Inc.*, 6:20-CV-00092-ADA, 2020 WL 4289380, at *7 (W.D. Tex. July 27, 2020) (failure to plead predicate acts of fraud with particularity is enough to justify dismissal of a civil RICO claim).

Alston in paragraph 152 lists ten other purposed predicate activities, in paragraph 161 identifies three other predicate acts, and in paragraph 172 lists one other predicate act. Paragraph 152 directed at the "RICO Defendants" makes no attempt to tie those to the indictable predicate acts listed in 18 U.S.C. § 1961(1). Indeed, she admits that she is seeking recovery for violations of crimes against the State of Texas. Complaint ¶ 153, 163, 166-67. Paragraph 161 does list three statutes covered by RICO (section 1512, 1513, and 1957), but provides no details of how Cratty violated those statutes.[9]

---

[9] In what almost seems to be an attempt to obfuscate her claims, [Alston's] list of "predicate acts" under 18 U.S.C. § 1961 contains statutes which are not actually listed in 18 U.S.C. § 1961. *Rogers v. Penland*, 9:03-CV-160, 2004 WL

Although not listed in paragraph 152, Alston claims that Cratty and school officials violated 18 U.S.C. § 641 by converting TEA and federal funds for schools. How Cratty, a student-teacher, could do so is beyond imagination. But in any event, any such violation is not listed as a predicate act in section 1961.

Alston next relies on two other racketeering allegations: (1) WISD's Board hired "family members" in violation of the state's nepotism law; and (2) her alleged 2010 assault was not reported to the TEA. Complaint at ¶ 151, ¶ 188. Those claims cannot be the necessary predicate acts as they do not concern violations of federal law.

**Pattern**. Plaintiff has failed to allege facts that Cratty participated in a *pattern* of racketeering activity. In order to prove a pattern of racketeering activity, a plaintiff must show at least two predicate acts of racketeering that are related and amount to or pose a threat of continued criminal activity. *Walker v. Beaumont Indep. Sch. Dist.*, C.A. No. 1:15-CV-379, 2017 U.S. Dist. LEXIS 37083 at *21 (E.D. Tex. Mar. 6, 2017) (Giblin, Mag. J.) (citations omitted), Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy the continuity requirement. *Id.* It is this factor of *continuity plus relationship* which combines to produce a pattern." *H.J. Inc.*, 492 U.S. at 239, 109 S.Ct. 2893 (emphasis in original). The Fifth Circuit has explained:

> The element of relatedness is established if the acts have the "same or similar purposes, results, participants, victims, or methods of commission." To establish continuity, plaintiffs must prove "continuity of racketeering activity, or its threat."

*Word of Faith*, 90 F.3d at 122.

---

7330261, at *5 (E.D. Tex. July 28, 2004). Paragraph 152 lists a number of so-called predicate acts not covered by RICO. Likewise, the federal statutes references in Paragraphs 162, 165, and 173 are not in Section 1961(1)'s list of predicate acts.

Because Alston has not plead any predicate acts by Cratty, she has not met this element of her RICO claim either. And she certainly has not shown that Cratty's conduct can meet the continuity requirement in connection with the incidents at Woden; he was dismissed as a student-teacher shortly thereafter.

***Standing and Damages.***  A plaintiff must have Article III standing to maintain an action in federal court. *Wendt v. 24 Hour Fitness USA, Inc.*, 821 F.3d 547, 550 (5th Cir. 2016). In order for a plaintiff to establish standing, she must "allege (1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct and that is (3) likely to be redressed by the requested relief." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 590 (1992) (citations omitted).  Regarding RICO claims, in order to state a civil RICO claim under Section 1962, a plaintiff must establish that she has standing to sue. *In re Taxable Mun. Bond Sec. Litig.*, 51 F.3d 518, 521 (5th Cir. 1995) ("The standing provision of civil RICO provides that '[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor . . . and shall recover threefold the damages he sustains.'") (citing 18 U.S.C. § 1964(c)). "Thus, a RICO plaintiff must satisfy two elements— injury and causation." *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 606 (5th Cir. 1998). This restriction limiting standing to a person "injured in his business or property helps to assure that RICO is not expanded to provide a federal cause of action and treble damages to every tort plaintiff." *Steele v. Hosp. Corp. of Am.*, 36 F.3d 69, 70 (9th Cir. 1994). For RICO standing, a plaintiff must allege a "concrete financial loss," an actual loss "of their own money," and "not mere injury to a valuable intangible property interest." *In re Taxable Mun. Bond Sec. Litig.*, 51 F.3d at 523 (quoting *Steele*, 36 F.3d at 70).

> To state a civil RICO claim under § 1962, a plaintiff must establish that he has standing to sue.  Therefore, a plaintiff does not have standing to sue under any section of RICO unless he or she can show an injury "by reason of" the underlying predicate acts. Accordingly, case law holds that an injured party must show that the Section 1962 RICO violation was *both* the but-for *and* proximate cause of the injury.

*Arruda*, 62020 WL 4289380, at *7 (citations omitted).

Alston's claim of damages because she was "injured personally in her right to bodily integrity"[10] is not a claim for which damages are recoverable under RICO. *See infra*, n.2.  Her claim for damages because she was deprived of "her property right to a[] . . .  free education without sexual assault, embarrassment, harassment, or derision"[11] also fails to seek recovery for RICO form of damages for two reasons. First, there is no "property right to a[] . . .  free education without sexual assault, embarrassment, harassment, or derision." That is at most an intangible property interest. Second, she received a free education and the mental anguish component of this purported right falls within the category of non-recoverable personal injury damages.

And Cratty cannot tie the purported predicate acts to her damage claims. Those acts did not cause harm to her "bodily integrity." The asserted predicate acts before and after the alleged November 10 assault did not cause her to lose a "property right to a[] . . .  free education without sexual assault, embarrassment, harassment, or derision."

## IV.    ALSTON'S STATE LAW CLAIMS

### 1.    *Alston's election to proceed against Cratty's employer, WISD, bars her claims against Cratty.*

The Texas Tort Claims Act ("TTCA") is the exclusive means by which a plaintiff may assert a state law tort claim against a governmental unit. Tex. Civ. Prac. & Rem. Code §101.001, *et. seq.* The TTCA provides that "[t]he filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit

---

[10] Complaint. ¶169.  *See also Id.* at ¶180, 189.

[11] Id. *See also Id.* at ¶180, 189, and 202.

13

or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter." Tex. Civ. Prac. & Rem. Code §101.106(a). This "election of remedies" provision imposes "irrevocable consequences" on a plaintiff's decision regarding whom to sue, such that a plaintiff "must proceed cautiously before filing suit and carefully consider whether to seek relief from the government unit or from the employee individually." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008). By requiring a plaintiff to make an irrevocable election at the time suit is filed between suing the governmental unit under the TTCA or proceeding against the employee alone, section 101.106 narrows the issues for trial and reduces delay and duplicative litigation costs. *Id.*

In *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 462-64 (5th Cir. 2010), the plaintiff brought various state law tort claims and federal constitutional claims against the City of San Antonio and several of its police officers arising out of a night club brawl. *Bustos*, 599 F.3d 458, 461. The plaintiff asserted a negligent hiring claim against the city and asserted the intentional torts of assault, battery, false imprisonment, intentional infliction of emotional distress, and invasion of privacy against the individual officers. *Id.* The City moved to dismiss the plaintiff's tort claims against the officers under the election of remedies provision set forth in Section 101.106 (e), which the district court granted. *Id.* The Fifth Circuit affirmed the dismissal and held that, since the plaintiff's tort claims against the city were "rooted in the same alleged common law violations" as plaintiff's tort claims against the officers, Section 101.106(e) mandated the dismissal of the claims against the officers. *Id.* at 464.

In this case, Alston asserts that several of the individual defendants committed "Civil Conspiracy Under Texas common Law." Complaint at p. 46. Alston's decision to sue WISD, Cratty, and the other individual defendants for civil conspiracy claims under Texas law

constitutes an irrevocable election to sue only WISD, and Alston is barred from bringing any state tort claims against Cratty arising out of the same subject-matter. *See City of Webster v. Myers*, 360 S.W.3d 51, 60 (Tex. 2011) (holding that it is reversible error to deny a motion to dismiss individual employees pursuant to Section 101.106 where the plaintiff brings state law tort claims against the governmental unit and its employees). Cratty is accordingly entitled to dismissal of the tort claims asserted against them upon the filing of WISD's dismissal motion. *See Bustos,* 599 F.3d at 464 (reversing district court's decision to not dismiss state law tort claims against individual employees under Section 101.106); *A.W.*, 25 F. Supp. 3d at 77-79 (dismissing state law tort claims against individual school district defendants under Section 101.106).

In Texas, a common law civil conspiracy claim is a derivative claim that takes the limitations period of the underlying tort that is the object of the conspiracy. *See Agar Corp. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 148 (Tex. 2019); *see also Tummel v. Milane*, 787 Fed. Appx. 226, 228 (5th Cir. 2019). "Limitations as to both typically run simultaneously because the conspiracy and underlying tort generally accrue at the same time." *Agar Corp.*, 580 S.W.3d at 148. The statute of limitations begins when the claim accrues, and a cause of action accrues when facts come into existence that permit a plaintiff to recover. *Id*. at 144.

### 2. *Alston fails to plead the necessary predicate of an underlying tort for her conspiracy claim against Cratty.*

Alston only has one tort claim: civil conspiracy under Texas common law.  But that claim requires an underlying tort. *Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 402 (5th Cir. 2013) ("Civil conspiracy is a derivative tort; therefore, liability for a civil conspiracy depends on participation in an underlying tort.").  Because Alston does not allege any underlying tort, those claims should be dismissed.

### 3.   *Alston fails to plead a viable conspiracy claim against Cratty.*

As stated above, Alston alleges a state law civil conspiracy claim against various individual school district Defendants. The elements of state civil conspiracy claims are that two or more persons, with an object to be accomplished, with the meeting of minds on the object or course of action, commit one or more unlawful or overt acts, and cause damage or injury to the plaintiff. *Operation Rescue-Nat'l v. Planned Parenthood*, 975 S.W.2d 546, 553 (Tex. 1998).

Alston does not plead any specific facts as to Cratty to support her conspiracy claim, and that claim should accordingly be dismissed.

## V.   PRAYER

Defendant Richard Cratty, Jr. requests that his Motion to Dismiss Pursuant to FRCP 12(b)(6) be granted, and that his Motion to Dismiss Plaintiff's State Law Tort Claims Against Cratty Pursuant to Texas Civil Practice and Remedies Code Section 101.106 be granted. Defendant Cratty also requests that Alston's claims against him be dismissed with prejudice and that he be awarded his taxable costs of court and any and all other relief to which he may be justly entitled.

Respectfully submitted,

*/s/ Richard Warren Cratty, Jr.*

Richard Warren Cratty, Jr.
rwcjr-7@gmail.com
5880 Inwood Dr., Apt. 2086
Houston, Texas 77057
**Defendant Pro Se**

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served on counsel for all parties of record via email on August 27, 2020.

Clay Thomas LL.M., J.D.
Attorney at Law
15344 W. State Highway 21
Douglass, TX 75943
clay.thomas@claythomaspc.com
***Attorney for Plaintiff***

PAUL A. LAMP
plamp@kbslawgroup.com
MELISSA M. GOINS
mgoins@kbslawgroup.com
KARCZEWSKI | BRADSHAW | SPALDING
3700 Buffalo Speedway, Suite 560
Houston, Texas 77098
Telephone: 713-993-7060
Facsimile: 888-726-8374
***Attorneys for Defendants***


*/s/ Richard Warren Cratty, Jr.*
Richard Warren Cratty, Jr.

17

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | | |
|---|---|---|
| JACKLYM HANCOCK ALSTON, *an individual,* | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | |
| | § | |
| WODEN INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| | § | |
| RICHARD WARREN CRATTY, JR., *in his official and personal capacity,* | § | |
| | § | |
| | § | |
| BRENT EDWARD HAWKINS, *in his official and personal capacity,* | § | |
| | § | |
| | § | |
| BRADY SHANE TAYLOR, *in his official and personal capacity,* | § | |
| | § | |
| | § | |
| LARRY WAYNE JACOBS, *in his official and personal capacity,* | § | CASE NO. 9:20-cv-00153-RC-KFG |
| | § | |
| | § | |
| AYRIKA NICHOLE HENDERSON, *in her official and personal capacity,* | § | |
| | § | |
| | § | |
| DAVID STONE, *in his official and personal capacity,* | § | |
| | § | |
| | § | |
| STEPHEN BENJAMIN WILSON, *in his official and personal capacity,* | § | |
| | § | |
| | § | |
| TERRE WYCH MCLEMORE, *in her official and personal capacity,* | § | |
| | § | |
| | § | |
| CLARK DAMON CHANDLER, *in his official and personal capacity,* | § | |
| | § | |
| | § | |
| JAMIE LYNN BROOKSHIRE, *in his official and personal capacity,* | § | |
| | § | |
| | § | |
| BROOKS ERVIN KENNEMER, *in his official and personal capacity,* | § | |
| | § | |
| | § | |

| | |
|---|---|
| JEREMIAH WADE ROSS, *in his official capacity and personal capacity,* | § § § |
| | § |
| HOLLICE RANDELL BATTEN, *in his official and personal capacity,* | § § |
| | § |
| CAROLYN MEADOR COX, *in her official and personal capacity,* | § § |
| | § |
| MARK IRVINE HARKNESS,  *in his official and personal capacity,* | § § |
| | § |
| BRIAN LEE MOREAU, *in his official and personal capacity,* | § § |
| | § |
| GARLAND GAYLE DRIVER, *in his official and personal capacity,* | § § |
| | § |
| GEORGE PERRY GRIMES, *in his official and personal capacity,* | § § |
| | § |
| BARRY THOMAS RANKIN, *in his official and personal capacity,* | § § |
| | § |
| GARY LUROY BISHOP, *in his official and personal capacity,* | § § |
| | § |
| and | § |
| | § |
| LINDA MASON, *in her official and personal capacity,* | § § |
| | § |
| **Defendants.** | § |

## <u>ORDER</u>

Pending before the court is Defendant Richard Warren Cratty, Jr.'s Motion to Dismiss

pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Also pending before the Court is Defendant Richard Warren Cratty, Jr.'s Motion to

Dismiss Plaintiff's State Law Tort Claims Against the Individual Defendants Pursuant to Texas

Civil Practice and Remedies Code Section 101.106. Upon consideration of the Motions, it is the opinion of this court that they should be GRANTED.

It is, therefore, ORDERED that Defendant's Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) is GRANTED, and Defendant's Motion to Dismiss Pursuant to Texas Civil Practice and Remedies Code Section 101.106 is GRANTED. Accordingly, all of Plaintiff Jacklyn Hancock Alston's claims against the above-referenced Defendant are hereby DISMISSED WITH PREJUDICE.